Randall Charles **KEARNEY**

v.

**STATE OF MARYLAND.**

Civ. No. Y–83–13.

United States District Court,
D. Maryland.

July 11, 1983.

Randall C. Kearney, M.C.T.C., Hagerstown, Md., for plaintiff.

Ann E. Singleton, Asst. Atty. Gen., Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Petitioner in the above numbered action seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court has carefully considered petitioner's concise filing as well as respondent's detailed answer. For the reasons that follow, the Court dispenses with the need for an evidentiary hearing and denies the petition on the basis of the present record.

Currently incarcerated at the Maryland Correctional Institution at Hagerstown, petitioner challenges the validity of the unexpired portion of an 8 year Maryland sentence for armed robbery. The Court initially notes that petitioner exhausted his presently available state remedies. 28 U.S.C. § 2254(d); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). There is no dispute that petitioner litigated the two issues raised in the present action on direct appeal to the Maryland Court of Special Appeals. *Kearney v. State,* No. 1504 (Md. Ct.Spec.App. July 27, 1982). Consequently, petitioner's claims are "finally litigated" for purposes of the Maryland Post Conviction Procedure Act, Md.Ann.Code art. 27, § 645A(b) (Michie 1982 replacement volume), and relief is not available to him under that statute, Md.Ann.Code art. 27, § 645A(a) (Michie 1982 replacement volume).

Petitioner alleges two separate grounds for relief. Petitioner initially argues that respondent violated the "trial-before-return" provisions of Article IV(e) of the Interstate Agreement on Detainers. Md.Ann. Code art. 27, § 616E(e) (Michie 1982 replacement volume) (Maryland enactment of Interstate Agreement on Detainers). The Court need not address the merits of this contention, as the United States Court of Appeals for the Fourth Circuit has unequivocally held that an alleged violation of the "trial-before-return" provision of article IV(e) is not cognizable in federal habeas corpus. *Bush v. Muncy,* 659 F.2d 402, 408 (4th Cir.1981).

■ Petitioner additionally challenges the constitutionality of the robbery victim's pretrial photographic identification of petitioner. The seminal Supreme Court case in this area held that an in-court identification based upon a prior photographic identification is excludable when the array is "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. U.S.,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). Subsequent Supreme Court decisions have refined the inquiry into a two step analysis. *U.S. v. Bubar,* 567 F.2d 192 (2nd Cir.1977). A court first inquires into the suggestiveness of the photos. If the court finds the photos to be impermissibly suggestive, then it turns to the "linchpin" issue of reliability. *Manson v. Brathwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977). Testimony about the pre-trial identification is excludable if the court finds a "misidentification;" a subsequent in-court identification is also forbidden if the prior misidentification was "irreparable." *Neil v. Biggers,* 409 U.S. 188, 198, 93 S.Ct. 375, 381, 34 L.Ed.2d 401 (1972). *Manson* outlines the relevant factors in the reliability determination:

> These include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description

of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.

*Manson,* 432 U.S. at 114, 97 S.Ct. at 2253. A court considers these factors under the "totality of the circumstances." *Neil,* 409 U.S. at 188, 93 S.Ct. at 375, 34 L.Ed.2d 401.

In the present case, petitioner alleges that the array was "impermissibly suggestive" in that petitioner was the only member of the array wearing clothes which matched the description the robbery victim had given the police on the night of the incident. However, two state tribunals have fully considered and rejected plaintiff's claim. The trial judge, after reviewing the photographs and hearing the testimony of both the victim and the police officer who conducted the photographic display, ruled in open court at a pre-trial hearing that:

"[The people in the photographs] all appear to have brown to dark brown hair, some shade gradation. But again, they would all appear to be rather brown hair. All, as I have indicated have long hair. All with beards. I think it would be hard to have a fairer representation. I see nothing in any way that differentiates the defendant's photograph from any of the others. I see nothing at all impermissibly suggestive either in the photographs or in the procedure; certainly nothing so impermissibly suggestive as to lead to a likelihood of misidentification."

Transcript at 47–48, *State of Maryland v. Kearney,* Crim. Trials No. 81–880 (Md. Cir.Ct. for Prince George's County October 26, 1981). During the subsequent trial, the trial judge heard additional testimony from the victim suggesting that the victim had noted the distinctive features of petitioner's clothing when the victim was reviewing the array. *Id.* at 87–88. However, the victim repeatedly testified that he had identified petitioner on the basis of petitioner's face.

*See, e.g., id.,* at 87. While the trial judge initially appeared to believe that petitioner's clothing was distinctive within the array, *id.* at 87–88, the trial judge then said in denying petitioner's renewed motion to suppress:

"But, again, I think that the pictures are all—he said he really identified the face. The faces are all white males, all about the same facial features, all about the same approximate age, around twenty, and again, I don't think it could be an unfair lineup. I can't see the chain he is talking about, but I assume it is there and the little swiggle, "Harley Davidson" on the "T" shirt . . . I don't think they are necessarily suggestive, so as to lead to a likelihood of irreparable misidentification."

*Id.* at 88. Affirming petitioner's conviction, the Maryland Court of Special Appeals specifically ruled:

In the instant case we are satisfied from the record before us that Mr. Knight's identification of appellant was predicated on his observation of appellant's facial features and not by any articles of clothing or jewelry worn by appellant. The Court notes the victim remarked repeatedly that appellant's face was readily identifiable and that Mr. Knight made his identification with a high degree of certainty after having had an opportunity to observe appellant at close range. The Court also finds the photographic array reliable in that each individual in the other five photographs was similar in appearance to appellant; i.e., a white male with long hair and a beard. The Court also notes that the Prince George's County Police Department identification signs almost completely obscure a view of a subject's upper chest area thereby minimizing if not eliminating any meaningful observation of any other physical feature aside from the face.

*Kearney v. State of Maryland,* No. 1504 (Md.Ct.Spec.App. July 27, 1982).

After carefully reviewing the lengthy trial court transcript and the un-

published appellate decision, the Court concludes that a hearing is not necessary to resolve the identification issue. An independent evidentiary hearing is not mandatory in a habeas case when there has been a prior state court hearing on the same factual dispute unless:

(1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Townsend v. Sain,* 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963). A review of the present record reveals none of these factors.[1] While a hearing is discretionary even in the absence of the six *Townsend* factors, *Townsend,* 372 U.S. at 318, 83 S.Ct. at 759, the Court perceives no reason to exercise such discretion.

 The "basic" or "historical" facts found by the trial court are presumptively

correct, 28 U.S.C. § 2254(d); *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), and are accepted by the Court in the present case. Considering the trial judge's findings[2] of "historical" fact that (1) the facial features of the members of the array were remarkably similar and (2) the victim based his identification upon petitioner's face, the Court independently finds as an "ultimate" fact, *see Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), that the "linchpin" element of reliability has been adequately established in the "totality of the circumstances."[3]

The state appellate opinion provides an independent basis for this holding. *Sumner v. Mata* indicates that § 2254(d) applies to state appellate "findings." *Sumner,* 449 U.S. at 546–47, 101 S.Ct. at 768. While *Sumner* did not fully elaborate on its holding, subsequent applications of *Sumner* indicate that a district court reviews the appellate findings in light of the trial court record. *Pierre v. Thompson,* 666 F.2d at 424, 427 (9th Cir.1982).[4] The Court has done so in the present case and finds that the lengthy transcript fully supports the previously quoted appellate findings of "historical" or "basic" fact. These findings

---

**1.** In particular, the Court rejects any contention that the factual dispute was not "resolved" in the trial court hearing because an incorrect constitutional standard was applied. *See Townsend,* 372 U.S. at 314–15, 83 S.Ct. at 757–58. The Court recognizes that the trial judge expressed his rulings in terms of the standard *Simmons* formulation and did not precisely articulate the bipartite analysis suggested by *Manson* and *Bubar.* However, *Bubar* and *Manson* are but sophisticated refinements of *Simmons;* the basic concepts remain the same and were adequately expressed by the trial judge. *Cf. Townsend,* 372 U.S. at 315, 83 S.Ct. at 758 (district court may properly assume state tribunal applied correct constitutional standard when state court has not articulated any legal doctrine).

**2.** The Court recognizes that the findings were not articulated with the precision of a published opinion. However, it is unrealistic to expect oral opinions to contain the coherence of a written work. *Townsend* fully approves of the "reconstruction" of "impliedly found" facts

when appropriate "indicia" exist, *Townsend,* 372 U.S. at 314, 83 S.Ct. at 757, and the Court has no hesitancy in employing this procedure to supplement and amplify the trial court's explicit observations.

**3.** Applying the "reconstruction" of "implied findings" reviewed in footnote 2 *supra,* the Court can only conclude that the trial judge credited the victim's lengthy testimony about the full opportunity the victim had to view the assailant's face at the time of the incident.

**4.** This appears to be a practical resolution of the problem of applying the § 2254(d) standards in the absence of a transcript of the state appellate proceedings. *Sumner* plainly indicated that the § 2254(d) factors were paramount in a habeas review of a state appellate determination but never suggested how this could be accomplished given the usual absence of appellate transcripts.

**1252**

in turn prompt the Court to make independent findings of "ultimate" fact that the array was not impermissibly suggestive or, alternatively, that the overall identification procedure was fully reliable.

For the foregoing reasons, it is this 11th day of July, 1983, by the United States District Court for the District of Maryland, ORDERED:

1. That the petition for issuance of a writ of habeas corpus BE, and the same IS, hereby DENIED;

2. That judgment BE, and the same IS, hereby ENTERED in favor of respondent; and

3. That a copy of this Memorandum and Order be mailed to the parties.